## SUPREME COURT.

### Anonymous.

Under the Code, the court may order a feigned issue in an action for divorce on the ground of adultery, tried by referees, by consent of the respective parties. It is not now, as formerly, a matter of course to have such issues tried by a jury. They may, under the direction of the court, be tried by the court, a jury, or by reference.

*New York Special Term, Oct.* 1850. This was a suit for a divorce on the ground of adultery, in which the defendant had put in an answer denying the offence charged, thus bringing the case within section 38 of 2 R. S. 145, which requires the court in such cases to direct a feigned issue to be made up for the trial of the facts by a jury at some Circuit Court.

C. O'Conor, for plaintiff, on a stipulation to that effect, signed by both parties, moved that the whole matter in issue be referred to referees agreed upon between them.

Edmonds, Justice.—I have ever regarded the provision of the Revised Statutes as a wise one, because calculated to guard against that collusion, which there is so much cause to appre-

hend in these cases, and I have been reluctant to admit that it has been superseded by more recent enactments. Yet upon a careful examination of such enactments, I do not well see how it can be doubted that the Revised Statutes have been superseded in this respect.

The Constitution, art. 1. § 2, declares that a jury trial may be waived by the parties in all civil cases in the manner to be prescribed by law. The Code of practice, § 266, declares that it may be waived with the assent of the court, by written consent, in person or by attorney, filed with the clerk; and by §270, that all or any of the issues in an action, whether of fact or of law, or both, may be referred upon the written consent of the parties.

These sections would leave it optional with the court to waive a trial by a jury and to order a reference or refuse it, as might seem best. But there are other provisions, which establish this option more conclusively still. Sections 253, 254, declare that whenever in an action for the recovery of money only, or of specific real or personal property, there shall be an issue of fact, it must be tried by a jury, unless a jury trial is waived or a reference be ordered, and that every other issue (including of course those in suits for a divorce) is triable by the court which may order a trial by jury or a reference.

So that in cases like this, a jury trial instead of being a matter of course, as it was under the Revised Statutes, is to be had only by a special order of the court. In an ordinary case, where neither party applied for it, the court would not be likely to order a trial by jury, and the result would be either a trial by the court or a reference.

In this case, neither party asks for a trial by jury, but both agree in asking a reference. The referees named being unexceptionable, I see no reason under this manifest alteration in the law for refusing the application.

Motion to refer granted.